IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT L. WISE, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-06-0954 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Smyser) |
| Commissioner of Social Security[1], | : | |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

March 16, 2007

**BACKGROUND:**

On May 9, 2006, plaintiff, Vincent L. Wise, commenced this civil action under 42 U.S.C. § 405(g). Wise appeals the Commissioner's decision to deny disability benefits and asserts that the Commissioner's decision was not supported by substantial evidence.

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser. On February 1, 2007, Magistrate Judge Smyser filed an eighteen-

[1]Michael J. Astrue became the Commissioner of Social Security, effective February 12, 2007, to succeed Jo Anne B. Barnhart. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

page report and recommendation. (Rec. Doc. No. 18-1.) The Magistrate Judge found that the ALJ's decision was supported by substantial evidence and recommended that the plaintiff's appeal be denied. On March 7, 2007, plaintiff filed objections to the report and recommendation. Now, for the follow reasons, we will decline to adopt the magistrate judge's report and recommendation, vacate the decision of the Commissioner, and remand the case to the Commissioner for further consideration.

**DISCUSSION:**

## I. Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g). Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact. 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the evidence but more than a mere scintilla." Id. The substantial evidence standard is a deferential standard of

review. Id.

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Analysis

There is a five-step evaluation process to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits. 20 C.F.R. § 416.920. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience. Id.

The ALJ decided the instant action at the fifth step of the evaluation process. (Tr., at 22.) At the first step, the ALJ concluded that the plaintiff was not engaged in substantial gainful activity. (Id. at 18.) At the second step, the ALJ determined that the plaintiff had a severe impairment. (Id.) At the third step, the ALJ

determined that the plaintiff's severe impairment did not meet a listed impairment. (Id. at 18-19.) At the fourth step, the ALJ determined that the plaintiff's impairment prevents him from doing any past relevant work. (Id. at 22.) Finally, at the fifth step, the ALJ concluded that the impairment does not prevent the applicant from doing any other work and denied claimant's claim for benefits. (Id. at 22-23.) The Appeals counsel denied claimant's request for review, making the ALJ's decision the final decision of the Commissioner. (Id. at 8-11.) The magistrate judge then found the decision of the Commissioner to be based on substantial evidence and recommended that the appeal be denied. (Rec. Doc. No. 18-1.)

Plaintiff has objected to the magistrate judge's report and recommendation. Specifically, plaintiff argues that the magistrate judge erred in three different ways. First, he argues that the magistrate judge erred in finding that the ALJ correctly concluded that plaintiff did not meet the criteria for severe impairment listing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. (Rec. Doc. No. 22-2, at 1-3.) Second, he argues that the magistrate judge erred when he determined that the ALJ's conclusion that plaintiff had average ability to maintain attention and concentration was not based on substantial evidence but that this erroneous conclusion did not impact plaintiff's ability to do work. (Id. at 3-6.) Finally, he argues that magistrate

judge erred in finding that the ALJ correctly concluded that plaintiff's diabetes is well-controlled when he is compliant with treatment and abstains from alcohol and drug use. (Id. at 6-7.) As we have already discussed, we will review these objections de novo.

A. Impairment Listing 12.05

Plaintiff argues that the magistrate judge erred in finding that substantial evidence supports the ALJ's finding that plaintiff does not meet the criteria for impairment listing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Thus, this is an argument that the ALJ should have decided the instant action at the third step in the five-step process by concluding that plaintiff's severe impairment meets a listed impairment. At the third step, the plaintiff's severe impairment is compared to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 416.920(d). If the impairment matches one of the listed impairments, the claimant qualifies for benefits without further inquiry. Id.

Section 12.05 is the severe impairment listing for mental retardation. It states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e. the evidence demonstrates or supports onset

of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied." Section 12.05C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

Although plaintiff may meet the language of Section 12.05C, the ALJ ruled that plaintiff did not meet the threshold requirement that his mental retardation be manifested prior to the age of 22. (Tr., at 18-19.) Plaintiff's argument does not appear to assert that this decision was not based on substantial evidence. Rather, plaintiff appears to argue that this threshold requirement that the mental retardation be manifested prior to the age of 22 should either be disregarded or presumed. In support of this argument, he cites a Fourth Circuit case in which the court ruled that the fact that an individual did not have an IQ test done until later in life did not preclude a finding of earlier retardation. Branhan v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985).

We will not disregard or presume the threshold requirement that the plaintiff must show that the mental retardation was initially manifested prior to age 22. Indeed, the Third Circuit has stated that such a requirement must be met. Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003) Furthermore, although the Fourth

Circuit case cited by plaintiff ruled that the fact that claimant had not had a formal IQ test done prior to the age of 22 did not preclude a finding of earlier retardation, we believe that such a finding would still have to be based on evidence and not simply presumed. Therefore, because we have not been directed to any evidence that suggests that plaintiff manifested mental retardation prior to age 22, we find that the ALJ's decision to find that plaintiff does not meet the listing of 12.05 is supported by substantial evidence.

B. Ability to Maintain Attention and Concentration

Plaintiff's second argument is that the magistrate judge erred when he determined that the ALJ's conclusion that plaintiff had average ability to maintain attention and concentration was not based on substantial evidence but that this erroneous conclusion did not impact plaintiff's ability to do work. (Rec. Doc. No. 22-2, at 3-5.) In doing so, he reiterates that the ALJ's conclusion was not based on substantial evidence, but argues that such a conclusion did affect the ALJ's decision. (Id.)

After reviewing the record in the case, we agree with the magistrate judge that the ALJ's conclusion that plaintiff had an average ability to maintain attention and concentration was not based on substantial evidence. In his decision, the ALJ

noted that he was according weight to the state agency psychological expert who found that plaintiff had a moderately limited ability to understand, remember and carry out detailed instructions, and maintain attention and concentration. (Tr., at 21.) Furthermore, the ALJ noted that he was according heavy weight to Dr. Nutter, a consultative psychological examiner, who indicated that plaintiff had moderate restriction in the ability to understand, remember and carry out detailed instructions, and respond appropriately to work pressures. (Id.) Then, the ALJ went on to conclude that plaintiff's mental residual functional capacity contains an average ability to maintain attention or concentration. (Id. at 22.) Moderate restrictions and average ability are not the same thing, and we therefore find that the ALJ's conclusion was not based on substantial evidence.

Furthermore, we disagree with the magistrate judge that "the plaintiff has not shown the arguable difference to give rise to a difference in outcome under the state, regulations or case law." (Rec. Doc. No. 18-1, at 16.) When the ALJ erroneously concluded that plaintiff had an average ability to maintain attention or concentration, the ALJ asked the vocational expert about a hypothetical individual, who along with plaintiff's other limitations, had an average or moderate level of attention and concentration. (Tr., at 51.) The vocational expert then replied that the hypothetical individual would be able to perform the occupation of deli slicer,

router, or spot clerk. (Id. at 51-53.) It was based on this opinion that the ALJ concluded that plaintiff was capable of performing work and therefore not disabled. Yet, the hypothetical posed to the vocational expert was not accurate. It stated an average level of attention and concentration, rather than the moderate restriction that the medical evidence suggests. The Third Circuit has noted that a hypothetical posed to a vocational expert must include all the plaintiff's impairments. Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004). Otherwise, the vocational expert's opinion will not accurately determine whether plaintiff is capable of performing work in the economy. Therefore, the case will be remanded to the ALJ to consider whether the limitation on maintaining attention and concentration changes the outcome of the vocational expert's opinion.

C. Connection Between Blood Sugar Levels and Alcohol and Drug Use

Plaintiff's final argument is that the magistrate judge erred in finding that substantial evidence supports the ALJ's finding that plaintiff's diabetes is well-controlled when plaintiff is compliant with treatment and abstains from drugs and alcohol. (Rec. Doc. No. 22, at 6.) Specifically, the plaintiff argues that there is no evidence that the plaintiff's abnormal blood sugar readings were influenced by the use of drugs or alcohol. (Id.)

The ALJ noted when assessing the plaintiff's residual functioning capacity that the plaintiff has diabetes. (Tr., at 21.) He went further to state that this condition is well-controlled when plaintiff is compliant with treatment and abstains from alcohol and drug use. (Id.) Plaintiff disputes that alcohol or drug use ever caused or aggravated his diabetes. Still, he does not appear to be challenging the ALJ's conclusion that the diabetes is in fact well-controlled. It is not particularly important to our decision why the diabetes is well-controlled. Even if plaintiff's diabetes is well-controlled solely because plaintiff is complaint with treatment, the effect on the residual functioning capacity would be the same. Because we have not been directed to any evidence that suggests that the diabetes is not well-controlled, we find this conclusion to be based on substantial evidence.

**CONCLUSION:**

Because we find that the ALJ's finding of an average ability to maintain attention and concentration was not based on substantial evidence, and that this resulted in an inaccurate hypothetical being asked to the vocational expert, we find that the plaintiff's appeal should be granted, that the decision of the Commissioner should be vacated, and that a remand to the Commissioner is necessary for further

consideration.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT L. WISE, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-06-0954 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Smyser) |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 16, 2007

For the reasons set forth in the accompanying memorandum, **IT IS**

**ORDERED THAT:**

1. The report and recommendation of the magistrate judge, filed February 1, 2007 (Rec. Doc. No. 18-1) is approved in part and rejected in part. The recommendation that the action of the Commissioner be affirmed is rejected.

2. Plaintiff's appeal is granted and the decision of the Commissioner is vacated.

3. The case is remanded to the Commissioner for further consideration consistent with this opinion.

4. The clerk is directed to close the case file.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge